UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. ARMSTRONG, | Case No.: 4:23 CV 941 |
| Petitioner, | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| SHERIFF JERRY GREENE, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

*Pro se* Petitioner Richard Armstrong filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee currently being held in the Mahoning County Justice Center. He contends he is being denied a speedy trial and due process. He also contends that the use of a "'structurally programmed machine'" to target brain waves is an unnecessary and wanton infliction of pain. He asks this Court to determine whether his rights have been violated by the state court.

**I. Background**

Petitioner was indicted in the Mahoning County Court of Common Pleas on September 10, 2020 on charges of aggravated robbery, abduction, felonious assault, having weapons under disability and tampering with evidence. He entered a plea of not guilty by reason of insanity on October 5, 2020. His attorney also filed a Motion with the court suggesting Petitioner was

incompetent to stand trial. On November 23, 2020, the court appointed psychologist Bob Stinson to conduct a competency evaluation as well as an evaluation of Petitioner's sanity at the time the crimes were committed.

The court again ordered a competency evaluation on April 19, 2021. In December 2021, the court determined that based on the evaluation, Petitioner was not competent to stand trial. The court ordered him to receive inpatient treatment at Heartland Behavioral Healthcare ("Heartland") for a period of one year with another competency review in six months. Heartland petitioned the court in April 2022 for permission to involuntarily administer medication to restore competency and the court granted the request.

The court held a status hearing on the issue of competency to stand trial on June 16, 2022. The parties stipulated that Petitioner still was not competent to stand trial and should continue his ongoing competency restoration. In October 2022, the court granted Petitioner's request for Level IV movement. In Level IV, Heartland patients are allowed to go off grounds with supervision of a staff member or someone who treats the patient.

The case was called for a pretrial hearing on December 29, 2022. At this hearing, the parties stipulated that Petitioner had been restored to competency to stand trial, that he understood the nature and objectives of the proceedings against him and was able to assist in his defense. Petitioner was moved to the Mahoning County Justice Center. His attorney reentered his plea of not guilty by reason of insanity. On January 17, 2023, the court appointed Dr. Brian Welsh to perform an evaluation to determine Petitioner's sanity at the time the crimes were committed.

The parties appeared in court for a hearing on Petitioner's sanity on April 17, 2023. At that time Petitioner's attorney requested to withdraw and the court appointed another attorney to represent Petitioner. The court scheduled a jury trial for May 22, 2023. On April 21, 2023, Petitioner's new attorney filed a request for a competency and not guilty by reason of insanity evaluation. The court granted that request on May 16, 2023 and also granted defense counsel's Motion to Continue the jury trial.

Petitioner filed this Habeas Corpus Petition on May 8, 2023 claiming the continued hearings and findings of incompetency have undermined the fundamental fairness of the proceedings and denied him due process. He further claims that more than 270 days have passed since his indictment denying him a speedy trial. As his third ground he states, "the use of 'structurally programmed machine' a combination of neuromodulation methods a physical layer conduit of a stimulation protocol that therapeutic for a given brain region. A combination of energy waveforms directed to specific neural target constitutes the unnecessary and wanton infliction of pain." (Doc. No. 1 at 7).

On June 1, 2023, three weeks after filing this Petition, Petitioner filed three *pro se* Motions in the state trial court, claiming he was being denied due process and a speedy trial. He asked the trial court to dismiss the charges. There is no indication on the docket that the court ruled on Petitioner's Motions. His attorney filed a Motion to appoint an independent evaluator of both Petitioner's competency to stand trial and his mental state at the time he committed the crime. The court granted that Motion on June 22, 2023. To date, there has been no other substantive activity of the docket.

3

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241(c)(3) if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Absent special circumstances, however, federal habeas corpus is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973); *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). "Early federal intervention in state criminal proceedings would tend to remove federal questions

from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests." *Braden*, 410 U.S. at 489-90. Therefore, federal courts should abstain from the exercise of habeas jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits or by other procedures available to the Petitioner. *Younger v. Harris*, 401 U.S. 37, 43 (1971).

There are only two generally recognized claims available to state pretrial detainees in a §2241 habeas corpus proceeding that present "special circumstances": (1) double jeopardy-based allegations; and (2) denial of the right to a speedy trial. *See, e.g., Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL3695386, at *3-4 (E.D. Ky. July 24, 2014) (holding that petitions for state court pretrial habeas relief are typically denied). Double jeopardy and speedy trial claims may be considered notwithstanding the abstention principles set forth in *Younger*, but only if the Petitioner has exhausted his state court remedies. *See Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio 2011); *Smith v. Hall*, No. 3:12-CV-1022, 2013 WL 587479, at * 2 n. 2 (M.D. Tenn. Feb. 13, 2013). With respect to speedy trial claims, the court can consider only requests for an order compelling the state to grant the Petitioner a speedy trial, rather than requests seeking dismissal of the state charges. *Id.*

In this case, Petitioner has not exhausted his state court remedies. In fact, it appears he raised the issues of speedy trial and due process for the first time with the trial court after he filed this federal Habeas Petition. Exhaustion of state remedies is particularly important in this case where the docket reflects that the trial court closely monitored Petitioner's mental health and competency

5

to stand trial. The state courts should be given the opportunity to address his speedy trial and due process claims.

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           */s/ SOLOMON OLIVER, JR.*
                                           UNITED STATES DISTRICT JUDGE

July 26, 2023